## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| ALEXA BRENNEMAN, | : | Case No. 1:14-CV-00136 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | |
| | : | **DEFENDANT CINCINNATI BENGALS,** |
| CINCINNATI BENGALS, INC., | : | **INC.'S PARTIAL MOTION TO DISMISS** |
| | : | **FIRST AMENDED COMPLAINT** |
| Defendant. | : | |

Pursuant to Rules 12(b)(6) and 23 of the Federal Rules of Civil Procedure, Defendant

Cincinnati Bengals, Inc. ("the Bengals") hereby moves to dismiss (a) the class action allegations

asserted by Plaintiff Alexa Brenneman relating to payment of minimum wage and (b) the claims

asserted by Brenneman under Art. II, Sec. 34a of the Ohio Constitution in Counts Three and

Seven of the First Amended Complaint. These allegations fail to state a claim, as set forth in the

accompanying memorandum in support.

Respectfully submitted,

/s/ Justin D. Flamm
W. Stuart Dornette (0002955)
Justin D. Flamm (0071575)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Tel: 513.381.2838
Fax: 513.381.0205
dornette@taftlaw.com
flamm@taftlaw.com

Trial Attorneys for Defendant Cincinnati
Bengals, Inc.

14238460.1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ALEXA BRENNEMAN, | : | Case No. 1:14-CV-00136 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | |
| | : | **DEFENDANT CINCINNATI BENGALS,** |
| CINCINNATI BENGALS, INC., | : | **INC.'S MEMORANDUM IN SUPPORT** |
| | : | **OF PARTIAL MOTION TO DISMISS** |
| Defendant. | : | **FIRST AMENDED COMPLAINT** |

**I.      INTRODUCTION**

Defendant Cincinnati Bengals, Inc. ("the Bengals") has moved to dismiss (a) the class action allegations asserted by Plaintiff Alexa Brenneman relating to payment of minimum wage and (b) the claims asserted by Plaintiff under Art. II, Sec. 34a of the Ohio Constitution in Counts Three and Seven of the First Amended Complaint.  As discussed below, Ohio law provides for relief only on an opt-in basis when only minimum wage claims – as opposed to overtime claims – are at issue, as is the case here.

On April 7, 2014, the Bengals filed their motion to dismiss portions of the original complaint.  (Doc. #3)  That motion addressed the Rule 23 class allegations and the count seeking declaratory relief under retaliation provisions of the Fair Labor Standards Act.  Rather than responding to the motion, Plaintiff filed an amended complaint, dropping the count related to retaliation, but leaving in the class allegations.  Because Rule 23 class allegations have no role to play in this case, the Bengals renew their motion to dismiss.

## II.     ARGUMENT

**A.     Ohio law requires that minimum wage claims be brought on an opt-in basis, not as a class action under Rule 23.**

Plaintiff's complaint sets out two very different procedures that she would like the Court to follow in processing her claims. For the federal claims she asserts, she properly characterizes her action as a Collective Action under the FLSA. (First Amended Complaint, Doc. #5 at ¶¶ 52-53). And that is exactly what the FLSA requires for an action of this sort – each person asserting similar claims must opt into the lawsuit in order to become a part of it. 29 U.S.C. §216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought").

By contrast, for the state law claims she asserts, Plaintiff seeks to certify a Rule 23 opt-out class. (First Amended Complaint, Doc. #5 at ¶¶ 54-68) The state law claims for alleged minimum wage violations are purportedly brought under Ohio's Minimum Fair Wage Standards Act (the "OMFWSA"), Ohio Rev. Code § 4111.01 et seq., and under Article II, Section 34a of the Ohio Constitution. (First Amended Complaint, Doc. #5 at ¶¶ 9, 53) The First Amended Complaint includes no allegations or mention of alleged overtime violations. (Nor could Plaintiff allege an overtime claim given the limited hours worked in any given period, per her allegations.)

Within OMFWSA, Ohio Rev. Code § 4111.14 implements the minimum wage provisions of Article II, Section 34a of the Ohio Constitution. Ohio Rev. Code § 4111.14(A) ("[T]his section is in implementation of Section 34a of Article II, Ohio Constitution"). Subsection 4111.14(K) provides the private right of action on the claims Plaintiff seeks to assert:

> (K) In accordance with Section 34a of Article II, Ohio
> Constitution, an action for equitable and monetary relief may be
> brought against an employer by … an employee or person acting

> on behalf of an employee or all similarly situated employees in any
> court of competent jurisdiction . . . .

Ohio Rev. Code § 4111.14(K).

In turn, § 4111.14(K)(2) includes the requirement that other employees must provide written consent to join the lawsuit:

> (2)  No employee shall join as a party plaintiff in any civil action
> that is brought under division (K) of this section by an employee,
> person acting on behalf of an employee, or person acting on behalf
> of all similarly situated employees **unless that employee first
> gives written consent to become such a party plaintiff and that
> consent is filed with the court in which the action is brought**.

Ohio Rev. Code § 4111.14(K)(2) (emphasis added).  The language in that provision is virtually identical to the Collective Action language in the federal law.  29 U.S.C. §216(b).

By presenting her state law claims for violation of the minimum wage law as a Rule 23 class action, Plaintiff seeks to write out of the statute the language in § 4111.14(K)(2).  She would have the Court certify a class under Rule 23; then send out notice and allow persons to opt out of the class.  That is exactly the reverse of the procedure the General Assembly prescribed.

*Williams v. Le Chaperon Rouge*, 2007 WL 4521492 (N.D. Ohio Dec. 17, 2007), confirmed the OMFWSA's requirement that "prospective plaintiffs affirmatively opt-in to any collective action brought under the OMFWSA." *Williams*, 2007 WL 4521492, at *1.  Judge Aldrich rejected the notion that a Rule 23 class action was appropriate for minimum wage claims brought under the Ohio statute.  In denying a motion for class certification, the Court noted the "strong parallels between the FLSA and the OMFWSA," and concluded that the opt-in language in § 4111.14(K)(2) precluded class treatment under Rule 23:

> Accordingly, because the opt-in approach of the FLSA precludes a
> plaintiff from bringing a Rule 23 class action under the FLSA, the
> opt-in approach [of] the OMFWSA must be interpreted to preclude
> a plaintiff from bringing a Rule 23 class action under the
> OMFWSA.

2007 WL 4521492 at *3.

While the *Williams* opinion was subsequently vacated when the case settled, *Williams v. Le Chaperon Rouge*, 2008 WL 2810619, at *1 (N.D. Ohio July 21, 2008), this Court in *Laichev v. JBM, Inc.*, 269 F.R.D. 633 (S.D. Ohio 2008), relied upon Judge Aldrich's decision. The discussion of the issue in *Laichev* remains instructive. Unlike the present case, *Laichev* involved claims for unpaid overtime. *Laichev*, 269 F.R.D. at 635. Distinguishing the opt-in requirement for minimum wage claims, the Court discussed the differences between Ohio law governing minimum wage claims like Plaintiff's, on the one hand, and overtime claims on the other:

> In *Williams*, the Plaintiff moved for Rule 23 "class certification of her state law claim under the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01–99." Judge Aldrich found that O.R.C. § 4111.14(K)(2) required an opt-in class which thereby conflicted with the opt-out provisions of Rule 23. Relying on support from the FLSA, Judge Aldrich found that the opt-in approach precluded a plaintiff from bringing a Rule 23 class action under OMFWSA. This opinion does not disagree with that holding. However, *Williams* is distinguishable as it was brought under O.R.C. §§ 4111.01-99 which thereby includes O.R.C. § 4111.14. Whereas in the present matter, Plaintiffs specifically limited their claims to violations of O.R.C. § 4111.03 and § 4111.10. **Obviously, the drafters of the OMFWSA knew how to limit a civil action to an opt-in class** and must have then specifically choose not to do so in drafting O.R.C. § 4111.10.

*Laichev*, 269 F.R.D. at 636 (internal citations omitted) (emphasis added). Because the claims in *Laichev* were not brought under Ohio Rev. Code § 4111.14, the Court allowed a Rule 23 class action for those claims. *Id.* Here, unlike *Laichev* but like *Williams*, the claims are brought under § 4111.14.

The Court in *Hurt v. Commerce Energy, Inc.*, 2013 WL 4427255 (N.D. Ohio Aug. 15, 2013), likewise recognized the opt-in requirement for minimum wage claims under Ohio law:

> [T]he Ohio Legislature limited the Ohio Minimum Wage Act's opt-in requirement to *minimum wage* claims not *overtime* claims.

>       And here, the Plaintiffs limited their Rule 23 class to *overtime*
>       violations.

*Id.* at *1 (footnotes omitted).

Plaintiff's class action allegations involve minimum wage claims under Ohio law, not overtime claims. Accordingly, a Rule 23 class is not available to her. The Bengals respectfully submit that her Rule 23 class action allegations should be dismissed in their entirety because they cannot be maintained under Ohio law.

**B.      The constitutional provision is not self-executing, does not create a direct right of action, and can only be enforced under Ohio Rev. Code § 4111.14(K).**

In an effort to negate the policy determination set out in the Ohio statute upon which Plaintiff has sued, Plaintiff's First Amended Complaint re-characterizes her class action allegations. Rather than framing her class claims under the constitutional provision in conjunction with its implementing legislation, as she did in her original Complaint (*see* Complaint, Doc. #1 at ¶ 53), Plaintiff now explicitly characterizes her claim under the OMFWSA as merely an "alternative" basis for relief:

>       Plaintiff asserts this claim in the alternative, in the event that this Court
>       finds that she may not proceed directly under Article II, § 34a of the Ohio
>       Constitution for Defendant's failure to pay the Ohio Class the
>       legally-required minimum wage for all hours worked.

(First Amended Complaint, Doc. #5 at ¶ 82)  Her primary claim for class-based relief thus turns on Article II, Sec. 34a of the Ohio Constitution itself.

Plaintiff cannot proceed directly under this constitutional provision.  "[A] constitutional provision alone has no force unless it is self-executing." *State v. Jackson*, 102 Ohio St. 3d 380, 384 (2004).  In turn, the Ohio Supreme Court has set forth the following standard for determining if a provision of the state constitution is self-executing:

>       A constitutional provision is self-executing when it is complete in
>       itself and becomes operative without the aid of supplemental or

> enabling legislation. Likewise, a constitutional provision is not self-executing if its language, duly construed, cannot provide for adequate and meaningful enforcement of its terms without other legislative enactment. Stated more succinctly, the words of a constitutional provision must be sufficiently precise in order to provide clear guidance to courts with respect to their application if the provision is to be deemed self-executing.

*State v. Williams*, 88 Ohio St. 3d 513, 521 (2000) (internal citations omitted).

By contrast to other provisions of the Ohio Constitution, Article II, Sec. 34a notably omits any statement that it is self-executing. *Cf., e.g.*, Ohio Const. Art. II, § 1g ("The foregoing provisions of this section shall be self-executing, except as herein otherwise provided."); Ohio Const. Art. VIII, § 2r(F) ("The provisions of this section shall be self-executing."); Ohio Const. Art. X, § 4 ("The foregoing provisions of this section shall be self-executing except as herein otherwise provided."). Rather, the minimum wage provision states: "Laws may be passed to implement its provisions and create additional remedies, increase the minimum wage rate and extend the coverage of the section, but in no manner restricting any provision of the section . . . ." Ohio Const. Art. II, § 34a.

The OMFWSA is that implementing legislation, and it confirms that the constitutional provision is not "complete in itself" as required under *State v. Williams* for it to be self-executing. As discussed above, Ohio Rev. Code § 4111.14(K) establishes the private right of action contemplated in Article II, Sec. 34a. This statutory implementation explicitly states that the cause of action it creates is "[i]n accordance with Section 34a of Article II, Ohio Constitution . . . ." Ohio Rev. Code § 4111.14(K). Thus, a claim that the constitutional minimum wage has not been paid is inherently a claim under § 4111.14(K). Plaintiff's First Amended Complaint underscores this point, as it contains identical allegations under its § 4111.14(K)

claim as it does for her attempt to assert a direct claim under the Ohio Constitution.  (First

Amended Complaint, Doc. #5, ¶¶ 76, 80)

Not only does the implementing statute confirm that the constitutional provision is not

complete in itself – and therefore is not self-executing – it also mandates that claims for the

constitutionally mandated minimum wage can be brought <u>only</u> under § 4111.14(K):

> (3)  **A civil action regarding an alleged violation of this section
> shall be maintained only under division (K) of this section.**
> This division does not preclude the joinder in a single civil action
> of an action under this division and an action under section
> 4111.10 of the Revised Code [pertaining to overtime and thus not
> relevant here].

Ohio Rev. Code § 4111.14(K)(3) (emphasis added).  Accordingly, § 4111.14(K) of the

OMFWSA establishes itself as the sole basis for enforcing the same constitutional minimum

wage that statute implements.  Plaintiff has made no allegation that § 4111.14 is unconstitutional;

to the contrary, Plaintiff seeks to rely upon it in Count Four of her First Amended Complaint.

The statute must be given effect – to the necessary exclusion of Plaintiff's direct claims under the

Ohio Constitution.

This outcome − limiting Ohio minimum wage claims to an opt-in basis only rather than

class action relief − is consistent with the designed parallels between Ohio law and

corresponding federal law.  Article II, Sec. 34a of the Ohio Constitution provides that core terms

such as "employer" and "employee" shall "have the same meanings" as under the FLSA.  Ohio

Const., Art. II, § 34a.  Likewise, Ohio's constitutional enactment refers to actions being brought

on behalf of employees who are "similarly situated."  *Id.*  And while that term nowhere appears

in either Ohio or Federal Civil Rule 23, the identical term is used in the FLSA's provision

creating a private right of action.  29 U.S.C. § 216(b).

Moreover, the constitutional provision states that it "shall be liberally construed in favor of its purposes."  Ohio Const., Art. II, § 34a.  But class action claims under Rule 23 would be subject to a more demanding standard than the "similarly situated" standard set forth in the Ohio Constitution and the FLSA provision it tracks.  As the Sixth Circuit has noted:

> Under the FLSA, opt-in plaintiffs only need to be "similarly situated."  While Congress could have imported the more stringent criteria for class certification under Fed. R. Civ. P. 23, it has not done so in the FLSA.

*O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584-585 (6th Cir. 2009) (internal citations omitted).  Applying the higher standard of Rule 23 to the constitutional provision requiring only that employees be "similarly situated" would be inconsistent with the provision's self-contained directive regarding its construction.

Class action relief is inappropriate under Ohio law for the additional reason that "Rule 23 actions are fundamentally different from collective actions under the FLSA . . . ."  *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013).  The *Genesis Healthcare* Court further stated:

> [A] putative class acquires independent legal status once it is certified under Rule 23.  Under the FLSA, by contrast, "conditional certification" does not produce a class with an independent legal status, or join additional parties to the action.

*Id.* at 1530.  The Ohio Constitution speaks only to "similarly situated employees," not to the independent legal entity that Plaintiff's Rule 23 claims would purport to create.

Plaintiff cannot use the Ohio Constitution to subvert the framework established by Ohio law for minimum wage claims.  Those claims can be maintained only on an opt-in basis, not an opt-out basis as the First Amended Complaint would have it.

## III.    CONCLUSION

For all of the foregoing reasons, the Bengals respectfully submit that Plaintiff's class

action allegations relating to minimum wage and her claims under the Ohio Constitution should

be dismissed in their entirety for failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ Justin D. Flamm
W. Stuart Dornette (0002955)
Justin D. Flamm (0071575)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957
Tel:  513.381.2838
Fax:  513.381.0205
dornette@taftlaw.com
flamm@taftlaw.com

Trial Attorneys for Defendant Cincinnati
Bengals, Inc.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via the Court's CM/ECF system this 12th day of May, 2014 upon the following:

Christian A. Jenkins
John J. Williams
Minnillo & Jenkins, Co. LPA
Cincinnati, OH  45208

Jeffrey S. Goldenberg
Todd B. Naylor
Goldenberg Schneider, LPA
One West Fourth Street, 18th Floor
Cincinnati, OH 45202

 /s/ Justin D. Flamm
Justin D. Flamm