# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| ALEXA BRENNEMAN, | : | Case No. 1:14-CV-00136 |
| Plaintiff, | : | Judge Michael R. Barrett |
| v. | : | |
| CINCINNATI BENGALS, INC., | : | **DEFENDANT CINCINNATI BENGALS, INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** |
| Defendant. | : | |

The briefing on Defendant Cincinnati Bengals, Inc.'s ("the Bengals") Partial Motion to Dismiss the First Amended Complaint (Dkt. #6, 10, 13) sets forth the reasons why Plaintiff Alexa Brenneman cannot maintain this action as a Rule 23 class action nor pursue her claims under Art. II, Sec. 34a of the Ohio Constitution as she attempts to do in Counts Three and Seven of the First Amended Complaint. Judge Marbley's recent decision in *Castillo v. Morales, Inc.*, 2014 WL 4377835 (S.D. Ohio Sept. 4, 2014), does not change the outcome and should not be considered persuasive, as discussed below.

"A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 131 S. Ct. 2020, 2033 n.7 (2014) (quoting 18 J. Moore et al., *Moore's Federal Practice* § 134.02[1] [d], p. 134–26 (3d ed. 2011)). As an initial matter, therefore, Judge Marbley's conclusions in no way bind this Court or control the pending motion to dismiss.

Nor does *Castillo* carry any persuasive influence on its own merits. Judge Marbley purports to rely on the decision of Ohio's Second District Court of Appeals in *Haight v. Cheap Escape Co.*, 2014-Ohio-2447. Referring to *Haight*, Judge Marbley stated:

14506367.2

> Second, and critically, this Court agrees with the logic of the
> Second District Court of Appeals – the only Ohio appellate court
> to consider this question – that the provision [Section 34a] is, as a
> matter of constitutional interpretation, self-executing.

*Castillo*, 2014 WL 4377835 at *9.  Contrary to Judge Marbley's interpretation, the court in *Haight* did <u>not</u> determine whether Section 34a was self-executing.  As the Bengals noted in their reply memorandum, the Second District Court of Appeals was addressing only the narrow issue of whether Ohio Rev. Code § 4111.14 conflicted with Section 34a:

> This appeal presents the question whether the General Assembly's
> actions, particularly its passage of R.C. 4111.14, imposed
> requirements or defined terms in a manner that conflicts with
> Section 34a and its express provision that laws passed for its
> implementation may extend, but not restrict, its coverage.

*Haight*, 2014-Ohio-2447 at ¶ 4.  Where a perceived statutory conflict is at issue, as the court found in *Haight*, the status of the related constitutional provision as self-executing or not self-executing is irrelevant.

Rather than considering Section 34a as potentially self-executing, *Haight* turned on that court's determination that a definition in Ohio Rev. Code § 4111.14(B)(1) (which is irrelevant to the Bengals' pending motion) was at odds with Section 34a.  Nor did the *Haight* court even purport to address the factors for determining if a constitutional provision is self-executing, including the Ohio Supreme Court's requirement that a provision be "complete in itself" to be self-executing.  *State v. Williams*, 88 Ohio St.3d 513, 521 (2000).  Thus, rather than following *Haight* as Judge Marbley stated he was doing, *Castillo* dramatically extended the actual holding of the Second District.

In the process of stretching *Haight* well beyond its actual holding, Judge Marbley also ignored the Ohio Supreme Court's 2000 decision in *Williams*.  Instead, *Castillo* contains citations to older precedent that pre-dates the heightened standard set forth in *Williams* – i.e., that

a constitutional provision must be "complete in itself" to provide a direct cause of action.  *See Castillo*, 2014 WL 4377835 at *9 (citing *In re Protest Filed by Citizens for Merit Selection of Judges, Inc.*, 49 Ohio St. 3d 102 (1990); *State ex rel. Russell v. Bliss*, 156 Ohio St. 147 (1951)).

And Section 34a is not "complete in itself" under *Williams*.  The legislative history of Section 34a includes statements by its proponents as follows:  "Only a person acting <u>with an employee's consent</u> can review that employee's payroll records 'on behalf of' that employee."  *Fact vs. Fiction: Minimum Wage Opponents Shamelessly Distort Facts to Deny Low Wage Workers a Raise*, Dkt. 14, Attachment 1 at p. 1 (emphasis in original).  It was based upon that representation by the proponents of the Constitutional Amendment that the people of Ohio voted to add §34a to the Ohio Constitution.  Quite plainly, Plaintiff's maintaining this case as a Rule 23 Class Action – as the class discovery Plaintiff has requested shows – would permit Plaintiff's counsel to review employees' payroll records without those employees' consent.  Directly contrary to the representation upon which the Amendment was passed.  On that basis alone, the Rule 23 allegations in the complaint should be dismissed.

Against the backdrop of what happened in the campaign, Ohio Rev. Code § 4111.14(K) was necessary to implement the proponents' stated intent that "similarly situated employees" under Section 34a must affirmatively give their consent by filing it with the court in writing.  Yet Judge Marbley disregarded all of this in *Castillo*, just as he cast aside the State of Ohio's own interpretation of Ohio law.  *Cf. Voinovich v. Ferguson*, 63 Ohio St. 3d 198, 203 (1992) (Holmes, J., concurring) ("[T]his court should also give great weight and deference to the interpretations of another entity of government . . . .").

For all of the foregoing reasons, the Bengals respectfully submit that *Castillo* should be disregarded and the pending motion to dismiss the Rule 23 class action allegations and the claims under Article II, §34a of the Ohio Constitution should be granted.

Respectfully submitted,

/s/ Justin D. Flamm
W. Stuart Dornette (0002955)
Justin D. Flamm (0071575)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957
Tel:  513.381.2838
Fax:  513.381.0205
dornette@taftlaw.com
flamm@taftlaw.com

Trial Attorneys for Defendant Cincinnati Bengals, Inc.

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served via the Court's CM/ECF system this 10th day of October, 2014 upon the following:

Christian A. Jenkins
John J. Williams
Minnillo & Jenkins, Co. LPA
Cincinnati, OH  45208

Jeffrey S. Goldenberg
Todd B. Naylor
Goldenberg Schneider, LPA
One West Fourth Street, 18th Floor
Cincinnati, OH 45202

 /s/ Justin D. Flamm
Justin D. Flamm