UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALEXA BRENNEMAN,                      CASE NO.: 1:14-CV-136

       Plaintiff,                         Judge Michael R. Barrett

    v.

CINCINNATI BENGALS, INC.,

       Defendant.

**OPINION AND ORDER**

On April 7, 2014, Defendant Cincinnati Bengals, Inc. ("Defendant") filed a partial Motion to Dismiss (Doc. 3) to which Plaintiff Alexa Brenneman ("Plaintiff") responded by amending the Complaint (Doc. 5). This matter now is before the Court on Defendant's May 12, 2014 partial Motion to Dismiss the First Amended Complaint (Doc. 6), Plaintiff's memorandum in opposition (Doc. 10), Defendant's reply and attachment thereto (Docs. 13, 14), Plaintiff's notice of supplemental authority (Doc. 19), and Defendant's response to Plaintiff's notice of supplemental authority (Doc. 22).

**I.    BACKGROUND**

Plaintiff was a Cincinnati Ben-Gals cheerleader from approximately May 2013 through January 2014. (Doc. 5, PageID 64; Doc. 7, PageID 103). Plaintiff's W-2 form pertaining to her 2013 wages identified Defendant as her employer for the underlying wages. (Doc. 5, PageID 64, 69; Doc. 7, PageID 110). Plaintiff alleges that she worked more than 300 hours while serving as a Ben-Gals cheerleader but was compensated by Defendant a total of only $855, which amounts to less than $2.85 per hour and which is below the required minimum wage. (Doc. 5, PageID 62). In her First Amended Complaint, Plaintiff asserts seven claims against

1

Defendant, which are: (1) denial of minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206; (2) willful violation of the FLSA, 29 U.S.C. § 255(a); (3) denial of minimum wages under Article II, § 34a of the Ohio Constitution ("Article II, § 34a"); (4) denial of minimum wages under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code § 4111.01, et seq. (asserted in the alternative to the Article II, § 34a minimum wage claim); (5) unjust enrichment/quantum meruit; (6) failure to pay semi-monthly wages due in violation of Ohio Rev. Code § 4113.15; and (7) failure to maintain wage and hour records in violation of Article II, § 34a. (Doc. 5, PageID 74-77). Plaintiff brings her FLSA claims as a collective action on behalf of the opt-in class of "[a]ll persons who were employed by Defendant as a Cincinnati Ben-Gal cheerleader at any time from February 10, 2011 through the present." (Doc. 5, PageID 70). She also brings her Ohio law claims as a class action under Fed. R. Civ. P. 23 on behalf of "[a]ll persons who were employed by Defendant as a Cincinnati Ben-Gal cheerleader at any time from February 10, 2011 through the present." (Doc. 5, PageID 70-74).

Defendant seeks to dismiss (1) the claims asserted by Plaintiff under Article II, § 34a of the Ohio Constitution in Counts Three and Seven of the First Amended Complaint, and (2) the class action allegations asserted by Plaintiff relating to the payment of minimum wages.

## II. MOTION TO DISMISS STANDARD

To survive a motion to dismiss, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). In determining whether the plausibility standard is satisfied, the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). Nevertheless, a court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III.  ANALYSIS

There are two provisions that form the primary basis of the dispute presently before the Court: Article II, § 34a and § 4111.14(K) of the OMFWSA ("OMFWSA § 4111.14(K)").

Article II, § 34a provides for a minimum wage and yearly increases based on the specified rate of inflation beginning January 1, 2007. Oh. Const. Art. II, § 34a. The provision explains how the requirement applies to certain individuals and businesses, and defines terms such as "employer" and "employee" primarily by reference to the FLSA. *Id.* Additionally, the provision sets forth recordkeeping requirements; specifies that a complaint for violations of "this section or any law or regulation implementing its provisions" may be filed with the state by an "employee, person acting on behalf of one or more employees and/or any other interested party"; and provides for the confidentiality of the employee's name unless disclosure is necessary for resolution of a complaint and the employee consents to disclosure. *Id.* With respect to civil actions, the provision provides:

> An action for equitable and monetary relief may be brought against an employer by the attorney general and/or an employee or person acting on behalf of an employee or all similarly situated employees in any court of competent jurisdiction . . . for any violation of this section or any law or regulation implementing its provisions within three years of the violation or of when the violation ceased if it was of a continuing nature, or within one year after notification to the employee of final disposition by the state of a complaint for the same violation, whichever is later. There shall be no exhaustion requirement, no procedural, pleading or burden of proof requirements beyond those that apply generally to civil suits in order to maintain such action and no liability for costs or attorney's fees on an employee except upon a finding that such action was frivolous in accordance with the same standards that apply generally in civil suits.

*Id.* That provision also sets forth the types of and calculations for damages to be awarded for violations. *Id.* Article II, § 34a is to be "liberally construed in favor of its purposes" and "[l]aws may be passed to implement its provisions and create additional remedies, increase the minimum wage rate and extend the coverage of the section, but in no manner restricting any provision of the section[.]" *Id.*

OMFWSA § 4111.14 is an "implementation of Section 34a of Article II, Ohio Constitution." OMFWSA § 4111.14(K) provides, in pertinent part:

> In accordance with Section 34a of Article II, Ohio Constitution, an action for equitable and monetary relief may be brought against an employer by the attorney general and/or an employee or person acting on behalf of an employee or all similarly situated employees in any court of competent jurisdiction . . . for any violation of Section 34a of Article II, Ohio Constitution or any law or regulations implementing its provisions within three years of the violation or of when the violation ceased if it was of a continuing nature, or within one year after notification to the employee of final disposition by the state of a complaint for the same violation, whichever is later.
>
> . . .
>
> (2) No employee shall join as a party plaintiff in any civil action that is brought under division (K) of this section by an employee, person acting on behalf of an employee, or person acting on behalf of all similarly situated employees unless that employee first gives written consent to become such a party plaintiff and that consent is filed with the court in which the action is brought.

4

> (3) A civil action regarding an alleged violation of this section shall be maintained only under division (K) of this section. This division does not preclude the joinder in a single civil action of an action under this division and an action under section 4111.10 of the Revised Code.

Ohio Rev. Code § 4111.14(K). OMFWSA § 4111.14(L) then explains that "there shall be no exhaustion requirement, no procedural, pleading, or burden of proof requirements beyond those that apply generally to civil suits in order to maintain such action and no liability for costs or attorney's fees on an employee except upon a finding that such action was frivolous in accordance with the same standards that apply generally in civil suits. . . ." Ohio Rev. Code § 4111.14(L).

Defendant's motion to dismiss presents two overarching issues concerning these provisions, which are addressed below.

### 1. Article II, § 34a is Self-Executing.

Defendant seeks to dismiss Plaintiff's claims in Counts Three and Seven of the First Amended Complaint in their entirety for failure to state a plausible claim for relief. Defendant asserts that a plaintiff may not proceed directly under Article II, § 34a, but must instead assert a claim pursuant to OMFWSA § 4111.14, which implements Article II, § 34a.

The Ohio Supreme Court has set forth the standard for determining whether a provision of the state constitution is self-executing so as to allow a plaintiff to proceed under it directly:

> A constitutional provision is self-executing when it is complete in itself and becomes operative without the aid of supplemental or enabling legislation. Likewise, a constitutional provision is not self-executing if its language, duly construed, cannot provide for adequate and meaningful enforcement of its terms without other legislative enactment. Stated more succinctly, the words of a constitutional provision must be sufficiently precise in order to provide clear guidance to the courts with respect to their application if the provision is to be deemed self-executing.

*State v. Williams*, 88 Ohio St. 3d 513, 521 (2000) (internal citations omitted).

5

Upon review, the Court holds that Plaintiff has stated plausible claims for relief under Article II, § 34a because Article II, § 34a is self-executing. While Defendant is correct that Article II, § 34a does not expressly state that it is self-executing, the Court does not find the absence of a statement of self-execution to be dispositive. Not only has the Ohio Supreme Court held a state constitutional provision to be self-executing even in the absence of an express statement to that effect, *see, e.g.*, *State ex rel. Russell v. Bliss*, 156 Ohio St. 147, 150 (1951), but also the analysis set forth in *Williams* would be unnecessary if no state constitutional provision could be self-executing without an explicit statement to that effect.

Article II, § 34a satisfies the *Williams* standard. It sets forth more than general principles, and instead, provides specific criteria for carrying into immediate effect the rights established therein without legislative action. In particular, it describes who is entitled to minimum wages, the amount of the minimum wage and a formula for thereinafter calculating the minimum wage, the recordkeeping requirements, the effective date, methods of enforcement, a method for calculating damages, and a limitations period. Ohio Const. Art. II, § 34a. That constitutional provision thus is complete in and of itself, and no legislative enactment is needed to put its terms into effect. *Accord*: *Castillo v. Morales, Inc.*, No. 2:12-cv-650, 2014 U.S. Dist. LEXIS 123409, at *23-25 (S.D. Ohio Sept. 4, 2014) (holding Article II, § 34a is self-executing); *Haight v. Cheap Escape Co.*, 11 N.E.3d 1258, 1260 (Ohio App. 2014) (indicating that Article II, § 34a "did not require any action by the Ohio General Assembly to implement its protections").[1]

Although Defendant contends that OMFWSA § 4111.14 itself demonstrates that Article II, § 34a is not complete, the undersigned agrees with Judge Marbley that the mere fact that the Ohio General Assembly had the power to, and did, enact legislation to "implement its provisions

---

[1] *See also Craig v. Bridges Bros. Trucking*, No. 2:12-cv-954, 2013 U.S. Dist. LEXIS 110662, at *5-6 (S.D. Ohio Aug. 6, 2013) (although not presented with the question of whether Article II, § 34a is self-executing, the district court held that plaintiff had stated a plausible claim for relief under Article II, § 34a for failure to maintain records).

6

and create additional remedies, increase the minimum wage rate and extend coverage of the section" does not render Article II, § 34a not self-executing. *Castillo*, 2014 U.S. LEXIS 123409, at *22-23. The undersigned further agrees with Judge Marbley that it is difficult to reconcile a finding that Article II, § 34a is not self-executing with the fact that the constitutional amendment with all of its detailed provisions was enacted by Ohio voters. *Id.* at *23-24. Indeed, it is counterintuitive that the Ohio voters would have intended to enact a provision that provided them no relief unless and until the legislature enacted legislation, particularly considering the statement in the legislative history document relied upon by Defendant that explains that the minimum wage amendment was put to a vote, at least in part, because the "Ohio Legislature has refused to address this issue in any meaningful way for over 15 years, despite voting continually to increase their own salaries." (Doc. 14-1, PageID 204).

Accordingly, the Court holds that because Article II, § 34a is self-executing, Defendant cannot prevail on the motion to dismiss Plaintiff's Article II, § 34a claims in Counts Three and Seven in their entirety.

### 2. Plaintiff's Rule 23 Class Action Allegations Relating to the Payment of Minimum Wages Withstand Dismissal.

Defendant next argues that Plaintiff's Rule 23 class action allegations should be dismissed because OMFWSA § 4111.14(K), as an implementing provision of Article II, § 34a, provides for only opt-in collective actions for minimum wage violations. For the reasons discussed below, the Court disagrees.

There are two provisions in Ohio that govern minimum wage violations: Article II, § 34a and the OMFWSA. Plaintiff seeks to bring her minimum wage claim under Article II, § 34a. In the event that the Court determined that she could not proceed directly under Article II, § 34a, however, Plaintiff asserted, in the alternative, a minimum wage claim under the OMFWSA.

7

Given that the Court has determined above that Plaintiff may proceed directly under Article II, § 34a, it need not consider here her alternative claim under the OMFWSA.[2] As such, the question presented to the Court by Defendant's argument is whether Plaintiff may bring her Article II, § 34a minimum wage claim as a class action pursuant to Rule 23.[3]

Defendant argues that OMFWSA § 4111.14(K) controls whether Plaintiff may bring her Article II, § 34a minimum wage claim as a class action because it is an integration provision. In support it cites to OMFWSA § 4111.14(K)(3) that provides that a "civil action regarding an alleged violation of this section shall be maintained only under division (K) of this section." Ohio Rev. Code § 4111.14(K)(3). However, because Article II, § 34a is self-executing, a claim may be brought under it regardless of whether there are implementing laws or regulations. Indeed, the plain language of Article II, § 34a and OMFWSA § 4111.14(K) permits a claim to be brought under Article II, § 34a *or* any law or regulation implementing its provisions. Thus, even though the later-enacted OMFWSA § 4111.14(K) implements the constitutional provision and governs alleged violations of *that* section, it does not supplant a plaintiff's right to proceed directly under the terms provided in Article II, § 34a.[4] *Accord: Castillo*, 2014 U.S. Dist. LEXIS 123409, at *21-25 (certifying a Rule 23 class action for claims brought under Article II, § 34a, and holding that OMFWSA § 4111.14(K) has no application to claims brought directly under Article II, § 34a). The Court therefore need only look to Article II, § 34a itself to determine

---

[2] Moreover, Plaintiff has represented that she "has no intention of ever seeking Rule 23 certification of an Ohio Rev. Code § 4111.14 class[.]" (Doc. 10, PageID 134 n. 4).

[3] Although Plaintiff and Defendant frame their Rule 23 arguments differently, the Court considers many of the arguments made by Defendant in relation to whether Article II, § 34a is self-executing to actually be addressing whether Plaintiff can maintain a Rule 23 class action when proceeding directly under Article II, § 34a.

[4] Of import is that the implementing law or regulations cannot restrict any provision of Article II, § 34a. Any terms set forth in the implementing law or regulations thus would have to be consistent with Article II, § 34a, provide additional remedies, or extend the coverage beyond that provided in Article II, § 34a.

whether a minimum wage claim brought thereunder may be maintained as a class action under Rule 23.

Insofar as Defendant intends to argue that Article II, § 34a should be construed to include the consent requirement set forth in OMFWSA § 4111.14(K) and the FLSA, that argument is not well taken. Of import is the fact that Article II, § 34a expressly refers to the FLSA in defining terms such as "employer" and "employee," but the civil action paragraph of Article II, § 34a makes no reference to the FLSA. Nor does the civil action paragraph include a written consent requirement, even though the FLSA plainly sets forth a written consent requirement. *Compare* Oh. Const. Art. II, § 34a *with* 29 U.S.C. § 216(b). Had the intent been to track the FLSA in this respect, the drafters of Article II, § 34a plainly knew how to do so. The absence of language tracking the written consent requirement of the FLSA thus is significant.

While Defendant urges the Court to also consider the use of the term "similarly situated" and the emphasis on consent in the legislative materials, neither persuades the Court that Rule 23 class actions are precluded under Article II, § 34a. The term "similarly situated" is used in a variety of contexts and is not exclusive to opt-in collective actions. Standing alone, it does not demonstrate that Article II, § 34a is limited to opt-in collective actions. *See Castillo*, 2014 U.S. Dist. LEXIS 123409, at *25 (certifying a class action under Rule 23(a) and (b)(3) where plaintiff brought claims for minimum wage violations under Article II, § 34a). The same is true for the legislative materials. Although Defendant contends "similarly situated" is a lower hurdle than that required for a class action under Rule 23, the provisions of Article II, § 34a plainly provide that the procedural, pleading, and burden of proof requirements are the same as those that apply generally to civil suits. Ohio Const. Art. II, § 34a. A plaintiff bringing an Article II, § 34a class

action pursuant to Rule 23 therefore would remain subject to the same requirements that are generally applicable to any other civil class action.

Accordingly, Plaintiff's allegations pertaining to a class action under Rule 23 need not be dismissed, as they may properly be maintained in accordance with her claims brought directly under Article II, § 34a.[5]

## IV. CONCLUSION

Consistent with the foregoing, Defendant's April 7, 2014 Motion to Dismiss (Doc. 3) is **DENIED AS MOOT**, and Defendant's May 12, 2014 Motion to Dismiss (Doc. 6) is **DENIED** on the merits. The case shall proceed as scheduled.

**IT IS SO ORDERED.**

                                                  s/Michael R. Barrett
                                                  JUDGE MICHAEL R. BARRETT
                                                  UNITED STATES DISTRICT COURT

---

[5] It is unnecessary to consider Plaintiff's additional arguments relating to the maintenance of a Rule 23 class action under Ohio Rev. Code § 4111.14(K). Plaintiff specifies that she raised her additional arguments in the event that the Court ruled against her by determining that she may not proceed under Article II, § 34a directly or that she may do so only through OMFWSA § 4111.14(K)(2). (*See* Doc. 10, PageID 145). Given that the Court has not ruled against her in either respect, those arguments are immaterial to the resolution of this motion.