UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALEXA BRENNEMAN, | : | Case No. 1:14-CV-00136 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | |
| | : | **STIPULATED JOINT PROTECTIVE** |
| CINCINNATI BENGALS, INC., | : | **ORDER** |
| | : | |
| Defendant. | : | |
| | : | |

Upon stipulation of the Defendant Cincinnati Bengals, Inc. ("the Bengals") and the Plaintiff Alexa Brenneman (individually and collectively with those she purports to represent, "Plaintiff") (collectively "the Parties") for an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways in the above-captioned action (the "Action"),

IT IS HEREBY ORDERED, for good cause shown, that the following provisions shall govern the handling of confidential information that may be produced in discovery in this matter. This Order shall be applicable to Plaintiff, the Bengals, and to third parties that may produce documents or information related to this matter, and such third parties shall be entitled to designate documents or information in accordance with the provisions of this Order as follows:

1. The Parties to this litigation and any third party may designate as "Confidential Information" any of the following: (a) documents produced by them at any time in this litigation; (b) documents produced by a non-party in this litigation; (c) interrogatory answers, responses to document requests, and responses to requests for admissions; and (d) deposition testimony and transcripts or any part thereof. The Parties' agreement to utilize certain definitions of "Confidential Information" herein is solely for the purpose of facilitating discovery

14571867.1

in this matter and does not constitute an admission that any particular category of information is "Confidential Information" on the merits of the Parties' respective claims in this litigation, and no Party shall offer the mere fact of any designation as evidence in support of any contention that the information is "Confidential" for any purpose other than the purpose stated in this paragraph.

2. This Agreement shall not apply to information or tangible items obtained by means independent of discovery, voluntary production by another party, or other proceedings in this action, provided that the acquisition of the information or tangible item has been through lawful means.

3. Information may be designated as "Confidential" based upon a good faith belief that the information constitutes or contains proprietary, personal, or other information of a sort or nature generally recognized or considered private or confidential, including but not limited to information about compensation.

4. Nothing in this Order shall be construed in any way as a finding that information designated Confidential actually is Confidential information. Plaintiff may object to Defendant's designation, Defendant may object to Plaintiff's designation, and either party may object to a third-party's designation, by specifying the information at issue and the grounds for questioning the designation. Plaintiff and Defendant shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge. In the event that the Parties disagree at any point in these proceedings with the Confidential designation, the Parties shall try first to dispose of such dispute in good faith on an informal basis. If the Parties cannot resolve the dispute within seven days of service of a written objection, the party that disagrees with the designation of the documents as Confidential Information must raise the dispute with the Court within ten days after the Parties' informal

attempts at resolution have concluded; otherwise, any further dispute is waived.  The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the issue.  The burden to establish that a document qualifies as Confidential falls upon the party or entity that designated the document as such.

   5. Any person receiving Confidential Information in the course of this litigation shall use it only for the purposes of this litigation (including appeals); shall not disclose it to anyone other than those persons designated herein; and shall handle it in the manner set forth in this Order.  The designation of material as Confidential Information shall not itself affect the rights of the designator (or the designator's authorized representative) to give or disclose the Confidential Information to any person for any reason, and such giving or disclosing of Confidential Information shall not be deemed a waiver of this Agreement.

   6. Any person receiving Confidential Information in the course of this litigation shall disclose it only to the following:

    a. Plaintiff and the Bengals;

    b. Counsel for the Parties (including counsel's employees, agents and clerical assistants);

    c. The Court, court personnel, and court reporters;

    d. Experts and consultants (including their employees and clerical assistants) who are employed, retained, or otherwise consulted by counsel of record for the Parties for the purpose of analyzing data, conducting studies, or providing opinions for assistance in this litigation; and

    e.  Persons who are called to give testimony, or whom counsel for the Parties believes are likely to be called to give testimony, at any deposition, hearing or trial on matters related to information designated as "Confidential."

  7.  Any party disclosing Confidential Information to a person listed in Paragraph 6(d) or 6(e) shall advise such person of the existence of this Confidentiality Agreement and the terms herein.  Furthermore, prior to disclosing Confidential Information to the persons listed in Paragraph 6(d) or 6(e), the disclosing party shall obtain a signed statement from such person stating as follows: "I have been provided with a copy of the Stipulated Joint Protective Order in *Brenneman v. Cincinnati Bengals, Inc.*, Case No. 1:14-CV-00136, and I agree to comply with the terms of that Order with regard to any documents or information containing Confidential Information that may be disclosed to me."

  Notwithstanding anything to the contrary in Paragraph 6 above, with respect to documents or things designated as Confidential Information, any person indicated on the face of the document or thing as an originator, author, or recipient of a copy thereof may be shown the same, without restriction.

  8.  If a party files a document containing Confidential Information with the Court, it shall do so in compliance with United States District Court for the Southern District of Ohio Local Rule 79.3.  Prior to disclosure at trial or a hearing of materials or information designated Confidential, the Parties may seek further protections against public disclosure from the Court.

  9.  For the purposes of this Agreement, "documents" shall have the same definition as under Rule 34 of the Federal Rules of Civil Procedure.

10. In the case of documents containing Confidential Information, designation under this Order shall be made by placing the word "CONFIDENTIAL" on the document prior to production.

11. Information disclosed in a deposition taken in connection with this Action may be designated as Confidential by notifying the opposing party in writing of specific pages and lines of the transcript which are designated as Confidential. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 21 days of receipt of the transcript.

12. Within sixty (60) days after entry of final judgment (including any appeal period) or in connection of this action, all Confidential Information produced in this litigation, including any copies thereof, shall be destroyed or returned to counsel for the Party that produced it. However, Counsel shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the Action, which documents shall remain subject to the provisions of this Order.

13. Inadvertent production of information considered Confidential Information without the "Confidential" designation shall not constitute a waiver of the producing Party's right to designate the information produced as Confidential Information. The producing Party shall give prompt written notice to the party receiving the information which was produced without the "Confidential" designation as soon as the omission is discovered, after which those documents so affected shall be treated in accordance with this Order.

14. Should any dispute arise over any designation of Confidential Information, the Parties shall attempt in good faith to resolve any dispute that may arise and shall only seek intervention of the Court after all efforts to resolve their dispute extrajudicially have failed.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　s/ Michael R. Barrett
　　　　　　　　　　　　　　　　　　The Hon. Michael R. Barrett


**STIPULATED AND AGREED:**

/s/ Todd B. Naylor　　　　　　　　　　　　/s/ Justin D. Flamm
Jeffrey S. Goldenberg (0063771)　　　　　W. Stuart Dornette (OH# 0002955)
Todd B. Naylor (0068388)　　　　　　　　Justin D. Flamm (OH#0071575)
Goldenberg Schneider, LPA　　　　　　　425 Walnut Street, Suite 1800
One West Fourth Street, 18th Floor　　　Cincinnati, OH 45202-3957
Cincinnati, OH 45202　　　　　　　　　　Telephone: 513.381.2838
Telephone: 513.345.8291　　　　　　　　Facsimile: 513.381.0205
Facsimile: 513.345.8294　　　　　　　　dornette@taftlaw.com
jgoldenberg@gs-legal.com　　　　　　　flamm@taftlaw.com
tnaylor@gs-legal.com

　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant

Christian A. Jenkins (0070674)
John J. Williams (0041466)
Minnillo & Jenkins, Co. LPA
2712 Observatory Avenue
Cincinnati, OH 45208
Telephone: 513.723.1600
Facsimile: 513.723.1620

Attorneys for Plaintiff

14571867.1　　　　　　　　　　　　　6