**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ALEXA BRENNEMAN, | : | Case No. 1:14-CV-00136 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | |
| | : | |
| CINCINNATI BENGALS, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT**
**RESOLVING OPT-IN FLSA ACTION AND FED. R. CIV. P. 23 CLASS ACTION,**
**AWARDING CLASS COUNSEL ATTORNEY FEES AND COSTS AND CLASS**
**REPRESENTATIVE INCENTIVE AWARD, AND DISMISSING THIS ACTION WITH**
**PREJUDICE**

WHEREAS, Plaintiff Alexa Brenneman, individually and on behalf of the

Settlement Class (consisting of all persons who were employed by the Bengals as

Ben-Gal cheerleaders at any time from February 11, 2011 through January 31,

2014) certified pursuant to Fed. R. Civ. P. 23 and the conditionally certified opt-in

Class (collectively, the "Plaintiffs"), and Defendant Cincinnati Bengals, Inc. (the

"Bengals") have entered into a Settlement Agreement intended to fully and finally

resolve the litigation pending in this Court; and

WHEREAS, the Settlement Agreement, together with supporting materials,

sets forth the terms and conditions for settlement and dismissal with prejudice of all

claims in this litigation against the Bengals; and

WHEREAS, the Settlement Agreement, together with supporting materials,

was preliminarily approved by the Court in its Order Granting Preliminary Approval

of Settlement Agreement and Scheduling Fairness Hearing, Doc. #31 ("the

Preliminary Approval Order"); and

WHEREAS, the Court has before it the Parties' Joint Motion for Final Approval

of Settlement Agreement and Memorandum in Support, and the Settlement

Agreement and supporting materials; and

WHEREAS, the Court independently evaluated the fairness, reasonableness,

and adequacy of the Settlement Agreement and the reasonableness of Class

Counsel's Motion for Attorney Fees (Doc. #33); by performing this independent

analysis of the Settlement Agreement and the Motion for Attorney Fees, the Court

has considered and protected the interests of all absent Class Members under Rule

23 of the Federal Rules of Civil Procedure; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the

Settlement Agreement were the result of good faith, arm's length settlement

negotiations between competent and experienced counsel for both Plaintiffs and the

Bengals, which negotiations were in material part facilitated by the Court; and

WHEREAS, the Court has determined that the method of dissemination of

Notice set forth in the Settlement Agreement and as ordered by the Court in its

Preliminary Approval Order met the requirements of due process, was the best

notice practicable under the circumstances, was initiated within seven (7) days of

the Preliminary Approval Order as ordered, and was executed as set forth in the

Settlement Agreement and the Preliminary Approval Order; and

WHEREAS, Class Members and Opt-in Plaintiffs were advised in the Notice of their rights to opt out of the Settlement Agreement by submitting a written request for exclusion as provided in the Notice; and

WHEREAS, no Class Members or Opt-in Plaintiffs submitted a timely written request for exclusion from the Settlement as provided in the Notice; and

WHEREAS, the Bengals' contingent option to cancel the Settlement is of no effect because the condition precedent for that contingent option did not occur; and

WHEREAS, Class Members and Opt-in Plaintiffs who wished to object to the fairness, reasonableness, or adequacy of the Settlement were advised in the Notice of their rights to object to the Settlement and to appear at the Fairness Hearing; and

WHEREAS, no Class Members or Opt-in Plaintiffs submitted a timely objection to the fairness, reasonableness, or adequacy of the Settlement or appeared at the Fairness Hearing; and

WHEREAS, no objections have been made to the Settlement; and

WHEREAS, all Class Members and Opt-in Plaintiffs have therefore waived and forfeited any and all rights to opt-out of or object to this Settlement, and;

NOW, THEREFORE, IT IS HEREBY ORDERED this 14th day of December, 2015, as follows:

1.     The Court has jurisdiction over the subject matter of this Action and may grant final approval of the Settlement Agreement.  The Court also has personal jurisdiction over the Plaintiffs and the Bengals.

2.     The Settlement Agreement between Plaintiffs and the Bengals is adopted by the Court and made part of this Order as if set out in full herein and is

3

hereby finally approved as fair, reasonable, and adequate, and as consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Class Action Fairness Act of 2005, and the Rules of the Court, and is in the best interests of all Parties.

3.    The Class approved by this Court, and for which final approval is given, is as follows: all persons who were employed by the Bengals as Ben-Gal cheerleaders at any time from February 11, 2011 through January 31, 2014.

4.    The Class satisfies all of the requirements of Federal Rule of Civil Procedure 23(a) (including the requirements of numerosity, commonality, typicality, and adequacy) and the requirements of Rule 23(b)(3).

5.    The Court directs the Parties and their counsel to further implement and consummate this Settlement Agreement according to its terms subject to the change in section 2.1 of the Settlement Agreement with respect to final reconciliation of the total number of seasons during which all Class Members combined worked for the Bengals as Ben-Gal cheerleaders. As addressed by mutual agreement of counsel at the Fairness Hearing conducted on December 3, 2015, that total number is 95 seasons rather than the 102 seasons noted in the Settlement Agreement. As applied to the agreed-upon total amount payable to the Class as wages, this final reconciliation at 95 seasons results in a change in the per season payment to Class Members from a minimum of $2,500 to $2,684.21. The Court finds this final reconciliation to be just, reasonable, and appropriate in the interest of the Class. This Order incorporates by reference the definitions in the Settlement Agreement filed in this action, and all capitalized terms used herein that also appear

4

in the Settlement Agreement shall have the meanings set forth in the Settlement

Agreement.

6.     The Settlement Agreement shall be preclusive in all pending and

future lawsuits or other proceedings as to these Plaintiffs as to any and all Released

Claims.

7.     The releases provided for in the Settlement Agreement are

incorporated into this Order and shall become effective on the Effective Date.

8.     Having reviewed Class Counsel's Motion for Attorney Fees, which was

not opposed by the Bengals, the Court determines that the requested fees were in

fact incurred, are reasonable, and are recoverable under the FLSA, 29 U.S.C. §

216(b), and under § 34a of the Ohio Constitution.  The Court grants the Motion for

Attorney Fees and awards Class Counsel one hundred and forty thousand dollars

($140,000.00) payable by the Bengals in full resolution of all fees, costs, and

expenses incurred by Plaintiffs or Class Counsel in connection with this Lawsuit.

Neither Plaintiffs nor Class Counsel shall seek or recover any additional fees, costs,

or expenses related to the Lawsuit.

9.     Having reviewed the Parties' Joint Motion for Final Approval, and in

accordance with section 2.2 of the Settlement Agreement, the Court determines that

Plaintiff Alexa Brenneman is entitled to an incentive award of $5,000.00 for her role

as named plaintiff and class representative.

10.    Pursuant to section 2.1 of the Settlement Agreement, should the total

gross dollar amount of unclaimed, returned, and/or uncashed checks be five

thousand dollars ($5,000.00) or more, the total gross dollar amount of unclaimed,

returned, and/or uncashed checks shall then be redistributed as wages among the other Class Members in proportional shares with any amounts then remaining uncashed or unclaimed payable to the Leah Still Foundation; should the total gross dollar amount of unclaimed, returned, and/or uncashed checks be less than five thousand dollars ($5,000.00), the total gross dollar amount of unclaimed, returned, and/or uncashed checks shall then be paid to the Leah Still Foundation.

11.     This Lawsuit is hereby dismissed on the merits and with prejudice, without fees or costs to any Party except as provided in the Settlement Agreement and as adopted and ordered by the Court in this Order.

12.     Without affecting the finality of this Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to the administration, implementation, consummation, enforcement, and interpretation of the Settlement Agreement and this Order, and for any other necessary purpose.

13.     This Order adjudicates all of the claims, rights, and liabilities of the Parties to the Settlement, and is intended to be final and immediately appealable.


**IT IS SO ORDERED**.

Dated: December 14, 2015


s/Michael R. Barrett
The Honorable Michael Barrett
United States District Judge